IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NETVUE TECHNOLOGIES CO. LTD. DBA BIRDFY, <br><br> *Plaintiff*, <br> v. <br><br> KINGLOONG-US, ONLYFLY OFFICIAL, VIUBIRD OFFICIAL, VIUBIRD, BIRDSNAP STORE, BIRDSNAP TECH, TATIAN, FOVAL, SOLIOM STORE, DZEES CAM US, GELIEFO STORE, RAYKI-US, BUENJOY, CAREBODADIRECT AND ORIVANTA-US <br><br> *Defendants*. | Civil Action No. 1:25-cv-15102 <br><br> JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiff Netvue Technologies Co. Ltd. dba Birdfy ("Netvue" or Plaintiff) hereby brings the present action against Defendants Kingloong-US, Onlyfly Official, Viubird Official, Viubird, Birdsnap Store, Birdsnap Tech, TATIAN, FOVAL, Soliom Store, Dzees Cam US, Geliefo Store, RAYKI-US, Buenjoy, CarebodaDirect and Orivanta-US (collectively, "Defendants"), all of which are stores on Amazon.com, for infringement of United States Reissue Design Patent No. RE50,605 ("Patent-in-Suit" or the "'605 Patent") and alleged as follows:

### INTRODUCTION

1. Netvue files this action to combat foreign entities who are infringing upon Netvue's patented invention, namely United States Design Reissue Patent No. RE50,605 ("'605 Patent"), by importing, selling, and/or offering for sale the Infringing Products, as shown in Exhibit 1. Plaintiff has been and continues to be irreparably damaged as a result of Defendants' infringing actions from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented invention and seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

3. This Court may properly exercise personal jurisdiction over Defendants since Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Internet stores operating on Amazon.com (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products featuring Plaintiff's patented design. Defendants have targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products featuring Plaintiff's patented design to residents of Illinois. *See* Exhibit 1. Defendants are committing tortious acts in Illinois, are engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury in the State of Illinois.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendants are, upon information and belief, not resident in the United States and therefore may be sued in any judicial district.

5. Joinder in this matter is proper under Rule 20 and 35 U.S.C. § 299(a), as the claims against Defendants are asserted with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product and a question of law or fact

common to all Defendants exists. Here, there is a logical relationship between the Defendants stemming from a common manufacturing source which creates shared, overlapping evidentiary facts that give rise to each cause of action. Joinder is further proper as questions of fact common to all Defendants will arise in the action. For example, because the infringing products are the same, common questions of fact, such as infringement, will arise as to all Defendants.

## THE PARTIES

6. Plaintiff Netvue Technologies Co. Ltd. is a Chinese business entity with a principal place of business in Shenzhen, Guangdong, China. Netvue is further associated with Netvue Inc., a California corporation located in Pasadena, California. Netvue is doing business in the United States as Birdfy.

7. Upon information and belief, Defendants are an interrelated group of foreign partnerships or other unincorporated associations or entities operating the Amazon storefronts identified as Kingloong-US, Onlyfly Official, Viubird Official, Viubird, Birdsnap Store, Birdsnap Tech, TATIAN, FOVAL, Soliom Store, Dzees Cam US, Geliefo Store, RAYKI-US, Buenjoy, CarebodaDirect and Orivanta-US from the People's Republic of China.

## BACKGROUND

**I.   Netvue and the '605 Patent**

8. Established in 2010, Netvue started out developing intelligent, mobile internet-connected hardware. Netvue's expertise lies in integrating professional security cameras with advanced AI technology to produce innovative products that not only enhance safety but also add joy and excitement to everyday life. This encompasses our range of classic indoor and outdoor cameras, along with baby monitors.

9. In 2020, with a focus on enriching people's lives, particularly for those seeking a deeper connection with nature and a desire to contribute to wildlife conservation, Netvue launched the sub-brand Birdfy. Birdfy serves as a gateway to nature, fostering a connection with birds. Through the integration of advanced built-in cameras and AI technology within well-designed bird feeders and boxes, the Birdfy series empowers users to closely observe and identify birds from any location and at any time. One of the innovative Birdfy products was recently named one of TIME's Best Innovations of 2025. *See* https://time.com/collections/best-inventions-special-mentions/7320863/birdfy-bath-pro/

10. Netvue sells smart bird feeders via its website: https://www.birdfy.com/.

11. Specifically, Netvue sells the Birdfy Smart Bird Feeder with a Camera, which practices the '605 Patent.



12. Netvue has fully complied with the virtual marking requirements of 35 U.S.C. § 287 by fixing to the package of the Birdfy Smart Bird Feeder a label containing the word "patent" together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent. *See* https://www.birdfy.com/pages/ip.

13. Netvue is the named applicant and assignee of the '605 Patent, entitled "Combined Bird Feeder with Camera." Exhibit 2, '605 Patent.

14. The '605 Patent was originally issued on April 18, 2023. *Id.*

15. The '605 Patent was duly reissued on September 30, 2025. *Id.*

16. The '605 Patent enjoys an earliest effective filing date of May 18, 2022. *Id.*

17. The named inventor of the '605 Patent is ZhenXuan Guan of Guangdong, China. *Id*

18. The '605 Patent claims the ornamental design for a combined bird feeder with camera, as shown and described in the figures. *Id.*



FIG. 1
Amended

19. Netvue is the owner of the complete title, rights, and interest in the '605 Patent.

20. Netvue has not granted a license or any other form of permission to Defendants to practice the '605 Patent.

**II.     Defendants and the Infringing Products**

21.    Defendants own and/or operate the Amazon storefronts identified as Kingloong-US (Store ID: A1O1Y8NB6YCV0R), Onlyfly Official (Store ID: A3W4D91YY1Y9F7), Viubird Official (Store ID: A1EOV51GE5863F), Viubird (Store ID: A3KCY33ZSZ0AE), Birdsnap Store (Store ID: A13BAJWQZU4RIL), Birdsnap Tech (Store ID: A3F82TAXHQ8NSV), TATIAN (Store ID: A3G6X4IRAY5BPG), FOVAL (Store ID: A3W15S426VVWJO), Soliom Store (Store ID: A3TU9VTGQUUQUR), Dzees Cam US (Store ID: A26AF2KXYABPUC), Geliefo Store (Store ID: A3GTMG2QMFK1ON), RAYKI-US (Store ID: A9141DDHGKRQH), Buenjoy (Store ID: A1ZJ2BWXOQB3HH), CarebodaDirect (Store ID: A2UFPB3IRY99OH) and Orivanta-US (Store ID: ATXC9UFQ4WGAS).

22.    Through the identified storefronts, Defendants offer for sale and sell bird feeders with cameras under at least the following Amazon Standard Identification Numbers ("ASINs"): B0D7BSYNRB, B0CGR2BGZX, B0CDL8DMQ4, B0D48NPC35, B0D7BKBKFH, B0DFQ3PB1V, B0DFTR61W6, B0DM1HX2MQ, B0DRG5WZKQ, B0CJVC7WKG, B0CZ6WRPF7, B0CB13JBS6, B0D4DWGB2X, B0DYDYB9TH, B0D99QSR3Q, B0CZ8YGDCZ, B0CRKBZYWQ, B0D97DX37N, B0CZ8L84MH, B0D99QPMPN, B0FDLC78V5, B0C6932F7L, B0C2XMLLZB, B0DRCQHV73, B0DJ542QDQ, B0DSZPZXNB, B0D9JL8DJL, B0DHS1SLWJ and B0F6LMLJZC ("Infringing Products"). *See* Exhibit 1.



23. The Infringing Products are available for over-night shipping to the 60604 zip code, which applies to Cook County. *Id.*

24. Defendants, without any authorization or license from Netvue, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the Infringe Products in violation of the exclusive rights granted under the '605 Patent.

25. Defendants' infringement of the '605 Patent in the offering to sell, selling, or importing of the Infringing Products is willful, at least as of the filing of this amended complaint, if not earlier.

26. Defendants' infringement of the '605 Patents in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products in Illinois, is irreparably harming Netvue.

## COUNT I - INFRINGEMENT OF UNITED STATES DESIGN PATENT
### (35 U.S.C. § 271)

27. Netvue hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

28. Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that directly infringe the ornamental design claimed in the '605 Patent. *See* Exhibit 3, Exemplary Claim Chart.

29. As shown in Exhibit 3, the design of the Infringing Products appear substantially similar to the claimed design of the '605 Patent to the eye of an ordinary observer. *Id*.

30. Defendants have infringed the '605 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Netvue to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Netvue will further suffer irreparable harm due to loss of goodwill and reputation, and price erosion. Netvue is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

31. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting on in active concert therewith from infringing the '605 Patent, Netvue will be greatly and irreparably harmed.

32. Netvue is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Netvue is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

(1) Entry of an Order directing that Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

- 9 -

    a.    offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in the '605 Patent;

    b.    aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the '605 Patent; and

    c.    effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

(2)    Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon.com, Temu.com, eBay.com, Walmart.com, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    a.    disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the '605 Patent;

    b.    disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the '605 Patent; and

    c.    take all steps necessary to prevent links to the Defendant Internet Stores identified herein from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

(3)    A finding that Defendants have willfully infringed upon the '605 Patent;

(4)     That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate for infringement of the '605 Patent, including and not limited to all of the profits realized by Defendant from Defendant's infringement of the '605 Patent and/or a reasonable royalty;

(5)     That the Court increase the damages up to three times the amount found or assessed, after an accounting, pursuant to 35 USC § 284;

(6)     That Plaintiff be awarded its reasonable attorneys' fees and costs; and

(7)     Any and all other relief that this Court deems just and proper.

| | |
|---|---|
| DATED December 12, 2025 | Respectfully submitted, |

*/s/ Nicholas Najera*
Timothy Wang
Texas Bar No.: 24067927
twang@nilawfirm.com
Nicholas Najera
Texas Bar No.: 24127049
nnajera@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*Counsel for Plaintiff*